THE LEHIGH STOVE AND MANUFACTURING COMPANY, Respondent, *v.* EDWARD B. COLBY, Appellant.

*Court of Appeals April,* 15, 1890.

Affirming, 46 Hun, 681, Mem.

*Trial. Offer of evidence.*—A referee may, in his discretion, refuse to rule upon an offer of evidence, and has the right, at least when the opposite party requires it, to hold that the witness shall be produced. and questions asked tending to establish the matter embraced in the offer.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon the report of a referee.

*L. A. Gould,* for appellant.

*Hector M. Hitchings,* for respondent.

HAIGHT, J.—This action was brought to recover the contract price for a quantity of stoves sold and delivered to the defendant. The answer denied performance of the contract on the part of the plaintiff and alleged by way of counterclaim that the plaintiff had failed to deliver the stoves in accordance therewith; that the defendant relying upon the plaintiff's engagement had contracted to sell the stoves, and that he suffered heavy losses in consequence thereof, for which he demanded damages.

Upon the trial the defendant offered to prove : " that in reliance upon the orders for the goods which he sent to the plaintiff, and which are already in evidence, and which orders were not declined, he contracted to sell the merchandise, to wit, stoves covered by the orders, and by reason of the failure of the plaintiff to fulfill the orders in· whole, defendant was unable to carry out the contracts which he had made for the sale, and that he suffered damages thereby. Defendant also offers to prove the amount of such damages, and the particulars, and that he could not obtain the same goods, or essentially the same goods, in the market; and further, that the plaintiff did not deliver the stoves within a reasonable time, or at all, and that defendant contracted to sell the stoves upon the faith of the orders, after reasonable time for the delivery of them to defendant from the plaintiff."

Plaintiff's counsel asked that the offer should be stricken out and that the defendant should be required to ask the questions that he deems material and relevant so that he may have the privilege of objecting or not as he chooses.  Thereupon the referee granted the motion to strike out the offer, stating to the defendant's counsel that he should put his question to the witness and have them passed upon.  Thereupon two questions were asked of the witness, when he again renewed the offer heretofore set forth, which was objected to by the plaintiff's counsel upon the "same grounds."  The objection was sustained by the referee and an exception take by the defendant.  If by this ruling it was intended by the referee and so understood by the appellant to exclude the evidence offered, he committed an error, for the evidence was competent as tending to sustain the counterclaim for damages set up in defendant's answer.  But it does not appear to us that such was the intention of the referee, nor that it was so understood by the parties.  It will be observed that the objection by the plaintiff's counsel was placed upon the

"same grounds," and by these words we understand him to refer to the grounds stated by him when the offer was first made. It is true his motion then was to strike out, but the ground stated by him was that the defendant should be required to ask such questions as he deems material, etc. The referee in making his ruling to the former motion distinctly stated that the counsel should put his questions, thus indicating that it was not his intention to exclude the evidence embraced in the offer, and we are inclined to the opinion that the same intention existed in the final ruling made by him. If so there was no error. It was doubtless discretionary with the referee as to whether or not he would rule upon the offer made. He had the right, especially if the plaintiff so required, that the witness should be produced and the questions asked tending to establish the matter embraced in the offer.

The questions asked bearing upon the subject were properly excluded as calling for conclusions and assuming facts not established.

As to the evidence of customs excluded there is nothing in the appeal book from which we can determine that it was material.

We are consequently of the opinion that the judgment should be affirmed, with costs.

All concur.